IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>      Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>LOWELL BAISDEN,  )<br>  )<br>      Defendant.  ) | Case No. 4:10CR3025<br><br>BRIEF IN SUPPORT OF<br>MOTION TO COMPEL<br>DISCLOSURE |

Lowell Baisden has filed a motion to dismiss the Indictment against him alleging various constitutional violations and claiming improprieties related to the Government's use of civil proceedings involving Baisden (i.e., IRS audits) to obtain information now being used in the criminal prosecutions brought against him. In conjunction with Baisden's motion to dismiss, he has sought disclosure of various information from AUSA Russell so Baisden will be prepared to offer evidence at a hearing on his motion to dismiss.

The Government has told defense counsel that it will not disclose any of the information requested by Baisden. Accordingly, Baisden seeks an Order from this Court compelling the Government's disclosure of the information sought by Baisden.

Federal courts "may, within limits, formulate procedural rules not specifically required by the Constitution or the Congress[.]" United States v. Hastings, 461 U.S. 499, 505, 103 S.Ct. 1974, 1978 (1983). Hastings, and the cases that rely upon the principle it expresses, deal strictly with the courts' power to control their own procedures. United States v. Williams, 504 U.S. 36, 46, 112 S.Ct. 1735, 1741 (1992). See, e.g., Jencks v. United States, 353 U.S. 657, 667-668, 77 S.Ct. 1007, 1013 (1957); McNabb v. United

States, 318 U.S. 332, 63 S.Ct. 608 (1943). That power has been applied not only to improve the truth-finding process of the trial, see, e.g., Mesarosh v. United States, 352 U.S. 1, 9-14, 77 S.Ct. 1, 5-8 (1956), but also to prevent parties from reaping benefit or incurring harm from violations of substantive or procedural rules (imposed by the Constitution or laws) governing matters apart from the trial itself, see, e.g., Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341 (1914). Thus, Bank of Nova Scotia v. United States, 487 U.S. 250, 108 S.Ct. 2369 (1988), makes clear that the supervisory power can be used to dismiss an Indictment because of misconduct before the grand jury, at least where that misconduct amounts to a violation of one of those "few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions," United States v. Mechanik, 475 U.S. 66, 74, 106 S.Ct. 938, 943 (1986).

The Court's supervisory role is designed "to implement a remedy for violation of recognized rights; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and finally, as a remedy designed to deter illegal conduct." United States v. Tucker, 8 F.3d 673, 674-76 (9th Cir. 1993). Other purposes have also been recognized related to the Court's supervisory powers. See, e.g., In re Application of Wood, 833 F.2d 113 (8th Cir. 1987) (Judge Urbom's decision requiring federal prosecutor (Thalken) to make second presentation to grand jury regarding FBI Agent Campbell's alleged perjury was a proper exercise of the Court's supervisory power); Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991) (district courts have inherent power to punish bad faith conduct by awarding attorneys' fees to the other side); Thomas v. Arn, 474 U.S. 140, 142, 146-47 (1985) (circuit courts have inherent power to establish a rule that "the failure to file objections to the Magistrate's report waives the right to appeal the

district court's judgments"); United States v. W.R. Grace, 526 F.3d 499, 511 n.9 (9th Cir. 2008) (en banc) (district court had authority to issue pretrial order requiring Government to disclose finalized list of witnesses more than a year in advance of trial).

The Supreme Court has emphasized that courts should proceed "with some caution" and with an eye towards "balancing the interests involved" before using the supervisory power to put an end to a criminal prosecution. See, Hastings, supra.

In the present case, Baisden seeks this Court's supervisory power to order the Government to disclose the information requested in his motion to compel disclosure. The Government has stated that it will not supply the information requested. Thus, Baisden has no other meaningful remedy to determine the way in which the Government (i.e., the civil and criminal branches of the IRS and the DOJ) instituted and carried-forth its investigation of Baisden.

Even though Baisden can make attempts to investigate and obtain the information sought (i.e., through subpoenas), the Government is in a far better position to obtain and disclose the information so that Baisden will have a fair opportunity to litigate his motion to dismiss before this Court. Without this Court's assistance in compelling the disclosure of the information requested, Baisden can only attempt to interview the witnesses he believes may have information concerning the investigation against him; but, requiring the assistance of the Government to disclose this information will ensure that all of the links of the investigatory chain against Baisden are connected. Baisden understands that the Court's supervisory role is exercised sparingly and should be used "to prevent parties from reaping benefit or incurring harm from violations of substantive or procedural rules governing matters apart from the trial itself." Williams, 504 U.S. at 46. This is such a

situation. Accordingly, Baisden respectfully requests an Order from this Court requiring the Government to supply the information requested in Baisden's motion to compel disclosure.

## CONCLUSION

Based upon the above argument, Baisden respectfully requests an Order from this Court requiring the Government to compel disclosure of the information sought in his accompanying motion.

Respectfully submitted,

LOWELL BAISDEN, Defendant


By: */s/ John C. Vanderslice*
John C. Vanderslice
Assistant Federal Public Defender
112 Federal Building
100 Centennial Mall North
Lincoln, Nebraska 65808
402-437-5871
Attorney for Defendant

## CERTIFICATE OF SERVICE

Assistant Federal Public Defender John Vanderslice hereby certifies that the foregoing document was filed with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to AUSA Steve Russell on this 13th day of October, 2010.

*/s/ John C. Vanderslice*