IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

2012 JAN 25 AM 11: 33

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:09CR3031 |
| Plaintiff, | ) | 4:10CR3025 |
| | ) | 4:10CR3026 |
| v. | ) | |
| | ) | Defendant Lowell A. Baisden's |
| LOWELL A. BAISDEN, | ) | Response to |
| | ) | Motion to Withdraw |
| Defendant. | ) | as Counsel |

Lowell A. Baisden (Baisden) provides this response to John Vanderslice's and the Federal Defender Office's (Attorney) motion to withdraw as counsel for Baisden.

Baisden does not oppose Attorney's motion to withdraw as counsel.

Communication has broken down between Baisden and Attorney for the reasons stated as follows:

1) Failure of a Full and Complete Understanding of the Offense

I entered a plea on 10-3-11 without the full and complete knowledge as to what I was pleading.

When the initial Presentence Investigation Report (Report) was issued on 11-17-11, the offense on page 1 was solely stated as 26 USC 7201, Tax Evasion. When the Report was revised for the second and final time on 12-15-11, the offense was again stated solely as 26 USC 7201, Tax Evasion. I did not plea guilty to tax evasion. I actually pled guilty to 18 USC 2, Aiding and Abetting.

I did some reading after the 11-17-11 Report was issued and I learned that aiding & abetting is not an independent crime. I did not understand this at the time I entered a plea.

1

My counsel did not advise me of this issue.

It was desire to plea to a non-tax related crime in order to have my CPA license reinstated. I informed my counsel of this on 10-3-11 before I entered the plea.

Thus, it is obvious that a meeting of the minds was not reached in regard to the issue of the offense.

2) Reliance on Bad Advice from Counsel

On 10-3-11, before I entered the plea, my counsel strongly advised me, based on his long experience with this Court, that if I pled guilty to an offense, he would be able to obtain a probationary sentence for me with a house arrest where I could care for my 84-year-old frail mother. I would also be able to leave the house to purchase necessities in order to care for my Mother and to work.

On 1-19-12, my Counsel telephoned me and now advised me to agree that I am responsible for a $1.5M tax loss at the 1-25-12 sentencing hearing and that I may receive an incarceration of several years.

Patently, I would have only pled guilty to an offense if I knew that I would be able to care for my Mother. Otherwise, I would have kept my plea at not guilty and gone forward with the trial by jury.

3) Attorney will not Present my Side of the Case to the Court

I have prepared many analyses for Attorney over the last several years, including those for the government witnesses' testimonies, and very extension analyses in regard to the objections to the USA version of the offense. Attorney has informed me that they are not going to present this information to the Court. As such, I am being significantly deprived of my 6th

amendment right to counsel.

January 25, 2012

Respectively submitted,

*Lowell A. Baisden*

Lowell A. Baisden

CERTIFICATE OF SERVICE

Lowell A. Baisden hereby certifies that he has caused a true copy of the foregoing document to be served upon AUSA Steve Russell and AFD John Vanderslice by personal delivery on January 25, 2012.

Signed,


*[signature]*

Lowell A. Baisden